RACHEL COX, *et al. vs.* McCAUSLAND'S ADMR'X.
*December,* 1833.

Under the act of 1824, ch. 196, a cause may be removed from the equity
side of the county courts of the sixth judicial district, to the Court of
Chancery, upon the suggestion of one of the complainants only.

APPEAL from the Court of Chancery.

This was a creditor's bill filed by the appellee and others,
claiming to be creditors of *Israel Cox,* deceased, on the
equity side of *Harford* county court, against the appellants,
to set aside certain deeds made to them by the said Cox, on
the 29th of January, 1817. The bill charges that these
deeds were made to the appellants (the grantor's children
and heirs,) but a few days before the death of the grantor,
in fraud of creditors; and prays that they may be set aside,
and that the lands attempted to be conveyed by them may
be sold for the payment of his debts. The answers having
alleged that the deeds were made upon valuable considera-
tions, and put the complainants to the proof of their several
claims, a number of depositions were taken, and returned
by the parties. In May, 1827, the proceedings on the sug-
gestion of one of the complainants were removed to the
court of chancery. At December term, 1827, the case
was referred to the auditor, on the application of the com-
plainants, and on the 25th of June, 1828, that officer re-
ported that none of the claims were proved. Additional
proof was then taken, and at December term, 1829, the
case was again sent to the auditor, who reported that the
claim of *McCausland* had been proved, but that the claims
of the other suing creditors were not. This report was
ratified by the Chancellor, at December term, 1830. On
the 24th of January, 1832, the case came up for final hear-
ing, when the Chancellor ordered it to stand over, with
leave to amend the bill by making the executor of *Cox* a
party. The amendment was accordingly made, and the

answer of the executor, after alleging and showing by his accounts settled with the Orphans Court, that the personal estate had been exhausted, pleaded the act of limitations to all the claims of the complainants. On the 14th of July, 1832, *Bland*, chancellor, passed a final decree, dismissing the bill with costs, as to all the complainants except the appellee, *Elizabeth McCausland*, administratrix of *George McCausland*, on the ground of a failure of proof in support of their claims; but being of opinion that her claim was sufficiently established, he vacated the deeds as to her, and decreed that the property contained in them should be sold for the payment of her debt, and any other debts that might be due from the grantor. From this decree the present appeal was taken by the grantees.

*Speed* and *Learned* for the appellants.

*T. P. Scott* for the appellee.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, and DORSEY, J.

BUCHANAN, Ch. J., delivered the opinion of the court.

This is the case of a creditor's bill against the grantees, the heirs, and the executors of *Israel Cox*. The object of which is to have certain deeds executed by the testator to his children for all his real estate, set aside as fraudulent as against creditors, and the lands sold for the payment of the testator's debts.

The chancellor dismissed the bill, as to all the complainants, except *Elizabeth McCausland*, administratrix of *George McCausland*, whose claim he adjudged to be fully established; decreed each and all of the deeds to be fraudulent and void, as against creditors, and directed that the lands should be sold for the benefit of creditors; from which decree this appeal was taken. There is nothing in the point raised in argument, that the cause was never properly before the chancellor, having been removed to

the Chancery court from the *Harford* county court, sitting as a court of equity, on the suggestion of only one of the complainants.   The act of 1824, *ch.* 196, authorising such removals is too explicit to admit of a doubt.   The words are, "upon the suggestion in writing, of either, or any of the parties thereto."

It appears that the personal estate of the deceased which came to the hands of the executor was wholly exhausted, and overpaid by the executor thirty-five cents, who moreover pleaded the act of limitations, and there is no proof that the deceased left any other personal estate.   The creditors therefore were entitled to resort to the real estate. We think that the claim of *Elizabeth McCausland,* administratrix of *George McCausland,* is sufficiently made out in proof; and upon a full and attentive examination of all the proof in the cause, it appears to be perfectly clear to us, that the deeds from *Israel Cox* to his children, were grossly fraudulent and void as against creditors, and that the lands intended to be conveyed by them, were properly decreed to be sold for the payment of the debts of the deceased *Israel Cox.*

**DECREE AFFIRMED WITH COSTS.**